IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01176-BNB

EDWARD ALLEN, aka EDWARD CLUTTS,

    Plaintiff,

v.

GOVERNOR HICKENLOOPER,
RICK RA[E]MIS[C]H,
THE ENTIRE PAROLE BOARD,
THE ENTIRE COLORADO SEX OFFENDER MANAGEMENT BOARD,
MAGGIE LEIVNON,
DENISE BALZIC,
JOE MORALES,
BRANDON SHAFFER,
JOANIE SHOEMAKER,
JOHN W. SUTHERS,
PATRIC SAYAS,
WARDEN OF STERLING CORRECTIONAL FACILITY, and
WARDEN DESIGNEE OF STERLING CORRECTIONAL FACILITY,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Edward Allen, aka Edward Clutts, is in the custody of the Colorado Department of Corrections (CDOC) at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

On June 9, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because the allegations failed to comply with Rule 8 of the Federal Rules of Civil Procedure and did not allege the personal participation of each named Defendant in a deprivation of Plaintiff's constitutional rights. Magistrate Judge Boland therefore directed Mr. Allen to file an amended complaint within thirty

days.  Plaintiff filed his Amended Complaint on July 11, 2014.  (ECF No. 12).

Mr. Allen has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the Amended Complaint and this action will be dismissed.

Mr. Allen asserts three claims for relief in the Amended Complaint: (1) that he has twice been denied parole by the Colorado Parole Board, in violation of his Fifth, Eighth and Fourteenth Amendment rights because Defendant Colorado Sex Offender Management Board (SOMB) has deemed him non-compliant with the CDOC's sex offender treatment program (SOTP) due to his refusal to admit guilt to a sex offense; (2) unidentified prison officials have retaliated against him in violation of the Constitution by denying him a higher paying prison job because of his refusal to admit guilt to a sex offense; and, (3) the Defendant Warden Designee of Sterling Correctional Facility has acted with deliberate indifference to his safety by intentionally placing him in a living unit with Security Threat Group (STG) inmates who assaulted him because he is a sex offender.  Mr. Allen asks the Court to order the Defendant Parole Board to release him on parole and to declare that Defendant CSMB has no authority to demand his

admission to a sex offense as a condition of sex offender treatment.  He also seeks monetary relief from all of the Defendants.

**I. Request for Habeas Relief and Applicability of *Heck***

Mr. Allen's request for release on parole is not cognizable in a civil rights action under 42 U.S.C. § 1983.  *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir.1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." (quotation and alteration omitted)); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement."); *see also Wolff v. McDonnell,* 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Accordingly, Mr. Allen must file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in a separate proceeding and allege that the execution of his sentence violates federal law to seek earlier release from prison.  *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005).  However, he may not challenge the conditions of his confinement in that action.

Further, Mr. Allen may not seek damages in a § 1983 action based on the denial of parole because a ruling in his favor would necessarily imply the invalidity of the Parole Board's decision.  *See Heck*, 512 U.S. at 486-87[1]; *see also Waeckerle v.*

---

[1] In *Heck*, the Court held

that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

3

*Oklahoma*, No. 01-5199, 37 F. App'x 395, 397 (10th Cir. April 12, 2002) (unpublished) (citing *Schafer v. Moore,* 46 F.3d 43, 44-45 (8th Cir.1995) (holding that *Heck* requirement applies to § 1983 actions challenging denial of parole)). Plaintiff does not allege any facts to demonstrate that the decision on his parole application has been invalidated. As such, Mr. Allen cannot maintain any claims against the Defendant Parole Board or the individual Parole Board members--Denise Balzic, Joe Morales and Brandon Shaffer--in this § 1983 action.[2]

Mr. Allen also challenges Defendant SOMB's requirement that he admit guilt to a sex offense in order to complete the SOTP. The Court construes the Amended Complaint liberally to include this allegation as part of Plaintiff's first claim for relief. The claim is not barred by the rule of *Heck* because success in this § 1983 action would not necessarily demonstrate the invalidity of Plaintiff's ongoing confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (recognizing that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *see also id.* at 82 (holding that the respondents (state prisoners) could challenge the constitutionality of state parole procedures in a § 1983 action because success on the claims would, at most entitle

---

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87.

[2]In any event, the Defendant Parole Board and Defendant members of the Board - Denise Balzic, Joe Morales, and Brandon Shaffer - enjoy absolute immunity from damages liability based on a decision to deny parole. *See Russ v. Uppah*, 972 F.2d 300, 302-03 (10th Cir. 1992); *Boles v. Newth*, No. 11-1510, 479 F. App'x 836, 843 (Colo. May 8, 2012) (citing *Russ*).

them to speedier or new consideration for discretionary parole); *Beebe v. Heil,* 333 F.Supp.2d 1011, 1015 (D. Colo. 2004) (concluding that prisoner's due process claim challenging his termination from the SOTP was raised properly under § 1983 because "even if Plaintiff prevails and progresses through the treatment program, discretion over the length of his sentence will continue to rest with the parole board.").

In Colorado, the Colorado Parole Board has "unlimited discretion to grant or deny parole" for defendants serving sentences for crimes committed on or after July 1, 1985. *See Mulberry v. Neal*, 96 F.Supp.2d 1149, 1150 (D. Colo. 2000) (citing *Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo.1990)). Mr. Allen was sentenced in July 2004 to an indefinite term of 10 years to life. *See* http://www.doc.state.co.us/oss.[3] He was eligible for parole in June 2012. *See id.*

Assuming that Mr. Allen was sentenced under the Sex Offender Lifetime Supervision Act of 1998 (SOLSA), COLO. REV. STAT. § 18-1.3-1001, *et seq.*,[4] he is not entitled to parole on a date certain. According to the Colorado Supreme Court, the Parole Board's ability to grant or deny parole under the § 18-1.3-1006(1), C.R.S., is discretionary:

> On completion of the minimum period of incarceration specified in the sex offender's indeterminate sentence, less any credits earned by him, the [SOLSA] assigns discretion to the parole board to release [a defendant] to an indeterminate term of parole of at least ten years for a class four felony, or twenty years for a class two or three felony, and a maximum of the

---

[3] The Court may take judicial notice of the contents of the CDOC's Offender Search website. *See Triplet v. Franklin*, No. 06-6247, 365 F. Appx. 86, 92 n.8 (10th Cir. Feb. 5, 2010)(unpublished) (taking judicial notice of Oklahoma Department of Corrections' website); *see also N.M. ex rel. Richardson v. Bureau of Land Mgmt.,* 565 F.3d 683, 702 n. 22 (10th Cir. 2009) (taking judicial notice of information on "[t]he websites of two federal agencies").

[4] Mr. Allen's allegation that he was sentenced to a term of imprisonment of 10 years to life strongly implies that he was sentenced under the SOLSA. *See* § 18-1.3-1004, C.R.S. (stating that the district court shall sentence a sex offender to the custody of the CDOC for an indeterminate term of a minimum number of years and a maximum of life).

remainder of the sex offender's natural life.

*Vensor v. People*, 151 P.3d 1274, 1276 (Colo.2007). *See also People v. Oglethorpe*, 87 P.3d 129, 136 (Colo. App. 2003) (stating that "[t]he decision to grant parole or absolute release to an inmate incarcerated for an indeterminate sentence under the [SOLSA] is vested within the sound discretion of the state parole board"). The Tenth Circuit Court of Appeals has also found that the Colorado Parole Board's ability to grant or deny parole under § 18–1.3–1006(1), C.R.S., is discretionary. *See Beylik v. Estep*, 377 F. Appx. 808, 2010 WL 1916414, at *3 (10th Cir. May 13, 2010) (unpublished) (stating that the decision to grant parole under the [SOLSA] is "wholly discretionary" and thus "does not create a liberty interest entitled to due process protection").

In short, success on Mr. Allen's first claim for relief, as asserted against Defendant SOMB, would not necessarily demonstrate the invalidity of his continued detention because he is not entitled to parole under Colorado law, even if he does complete the sex offender treatment program. *See Wilkinson*, 544 U.S. at 82.

## II. Eleventh Amendment Immunity

Mr. Allen's § 1983 claims against Defendant SOMB falter on another ground. The SOMB is an entity of the State of Colorado[5] and is entitled to Eleventh Amendment immunity, absent a waiver. *See generally Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (the immunity conferred by the Eleventh Amendment extends to the state and its instrumentalities); *Steadfast Ins. Co. v. Agricultural Ins. Co.* 507 F.3d 1250, 1256 (10th Cir. 2007) (recognizing that agency of the state is entitled to

---

[5]The SOMB is a state entity that was formed within the Colorado Department of Public Safety pursuant to Colorado law. *See* § 16–11.7–103, C.R.S. The SOMB has promulgated Standards and Guidelines for the Assessment, Evaluation, Treatment and Behavioral Monitoring of Adult Sex Offenders. *See Gross v. Samudio*, 11-cv-02594, 2013 WL 5366404, at *1 (D. Colo. Sept. 25, 2013).

Eleventh Amendment immunity).  Congress did not abrogate Eleventh Amendment immunity through § 1983, *see Quern v. Jordan*, 440 U.S. 332, 345 (1979), nor has the SOMB expressly waived its sovereign immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir.1988).  The Eleventh Amendment prohibits suit against a state entity, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n,* 328 F.3d 638, 644 (10th Cir. 2003); *see also Hunt v. Colorado Dep't of Corrections*, 271 F. App'x 778, 780-81 (10th Cir. March 28, 2008) (unpublished).  Accordingly, Defendant SOMB will be dismissed pursuant to §1915(e)(2)(B)(iii).

### III.  Personal Participation of the Defendants

Mr. Allen fails to allege facts to implicate the individual Defendants, with the exception of Defendant Warden Designee of Sterling Correctional Facility, in a deprivation of his constitutional rights.  Mr. Allen was warned by Magistrate Judge Boland in the June 9 Order that personal participation is an essential element in a § 1983 action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his

own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).

In addition, Mr. Allen was warned in the June 9 Order that he cannot sue prison officials or administrators on the basis that they denied his grievances or failed to respond to his communications concerning alleged constitutional violations. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Mr. Allen also was instructed in the June 9 Order that to state a claim in federal court he must explain (1) what the defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Because Mr. Allen fails to allege facts to show that Defendant Hickenlooper, Ra[e]mis[c]h, Maggie Leivnon, Joanie Shoemaker, John W. Suthers, Patrick Sayas, and the Warden of Sterling Correctional Facility were involved personally in a deprivation of

Plaintiff's constitutional rights, those Defendants are improper parties to this action and will be dismissed.

Even if Plaintiff had alleged personal participation, his allegations, for the most part, fail to state an arguable claim for relief, as discussed below.

## IV. Sufficiency of the Claims

### A. Claim One

In his first claim, Mr. Allen alleges violations of his Fifth, Eighth, and Fourteenth Amendment rights based on the promulgation and enforcement of a requirement that he admit to a sex offense as a condition to completion of the SOTP, which has affected his parole eligibility.

#### 1. Fifth Amendment claim

To state an arguable an arguable Fifth Amendment claim, Plaintiff must allege that (1) the statements desired by prison officials carried the risk of incriminating him, and (2) "that the penalty he suffered amounted to compulsion." *See Doe v. Heil*, No. 11-1335, 533 F. App'x 831, 837 n. 4 (10th Cir. Aug. 26, 2013) (unpublished) (citing *United States v. Antelope*, 395 F.3d 1128, 1134 (9th Cir. 2005)); *see also Minnesota v. Murphy*, 465 U.S. 420, 435 n. 7(1984); *Lefkowitz v. Cunningham*, 431 U.S. 801, 806 (1977).

Plaintiff alleges in the Amended Complaint that unlike the plaintiff in *Schumaker v. Ortiz*, No. 07-cv-01348-MSK-CBS, who pleaded guilty to a sex offense in state court, Mr. Allen "took his case to trial and still maintains his innocence," (ECF No. 12, at 7). He further states that he "cannot confess to a crime he has no knowledge of." (*Id.* at 8). However, Mr. Allen does not allege specific facts to show that prison officials are requiring him to admit to a sexual offense different from the conduct for which he was

9

convicted. Mr. Allen cannot incriminate himself within the meaning of the Fifth Amendment by admitting to criminal conduct for which he has already been convicted and cannot be retried. *See Gross,* 2013 WL 5366404, at *3 (plaintiff's refusal to admit guilt to sex offense did not implicate his Fifth Amendment right against self-incrimination where double jeopardy protections precluded him from being retried for that offense). Accordingly, Mr. Allen fails to state an arguable § 1983 claim based on a violation of his Fifth Amendment privilege against self-incrimination.

### 2. Eighth Amendment Claim

The Eighth Amendment is violated when prison officials act with deliberate indifference to a substantial risk of serious harm to an inmate. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Mr. Allen's allegation that he is required to admit guilt to a sex offense as a condition of participation in the SOTP does not implicate the Eighth Amendment.

### 3. Fourteenth Amendment claim

"The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property." *Chambers v. Colo. Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000). A liberty interest may arise under the Constitution or state law. *See Elliott v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)); *see also Sandin v. Conner*, 515 U.S. 472, 477-484 (1995). To possess an interest protectable under the Due Process Clause, a person must "'have a legitimate claim of entitlement to it.'" *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid

sentence." *Greenholtz*, 442 U.S. at 7. Mr. Allen thus has a liberty interest in parole eligibility only if the state has created such an interest. As discussed previously, the parole of prisoners sentenced under the SOLSA is discretionary. *See Vensor*, 151 P.3d at 1276.

In *Beebe v. Heil*, the court concluded that the plaintiff had a liberty interest in not being terminated from the SOTP where the SOLSA required participation in a sex offender treatment program as a condition for parole eligibility. 333 F.Supp.2d at 1012-13, 1017 (citing C.R.S. §§ 18-1.3-1004(3) and 16-11.7-106).

The Tenth Circuit later recognized in an unpublished decision that a Colorado state prisoner does not have a cognizable liberty interest in being able to reenter, and continue to participate in, the SOTP where the prisoner refuses to admit his past sexual conduct. *See Doe*, 533 F. App'x at 842-43. The Circuit Court noted that where a prisoner, by his own conduct in refusing to comply with generally applicable requirements for readmission to the SOTP, has lost an opportunity for parole, "the responsibility for this outcome must be placed at his feet." *Id.* at n.9. The Tenth Circuit agreed with the district court's reasoning that distinguished *Beebe* on the following grounds:

> [Beebe] involved an inmate's "liberty interest in being afforded due process before being dismissed from treatment," *Beebe*, 333 F.Supp.2d at 1014 (emphasis added), which does not support Mr. Doe's claim to a liberty interest in receiving treatment, while at the same time refusing to comply with the CDOC's policies (more specifically, reentry requirements) regarding the program. The district court therefore "reject[ed] Doe's argument that he ha[d] been denied a liberty interest under the Due Process Clause by having sex offender treatment withheld," having determined that Mr. Doe had not established that he had "a liberty interest in those circumstances." Aplt.App. at 44-45. Finding no indication that Mr. Doe was actually being "kept out" of the treatment program, the district court concluded that Mr. Doe was simply "unwilling to fulfill the requirements for program re-admittance." *Id.* at 45. Consequently, the

> court found that Mr. Doe had not demonstrated the existence of a cognizable liberty interest in being able to reenter, and continue his participation in, the sex-offender treatment program.

*Id.* at 841-42. *See also Sheratt v. Utah Dep't of Corrections*, 545 F. App'x 744, 748-49 (10th Cir. Oct. 23, 2013) (unpublished) (citing *Doe*, and concluding that the plaintiff's inability to complete the Utah Department of Corrections SOTP, based on his failure to admit guilt, which was a requirement for participation in the program, did not implicate the Constitution).

The facts alleged by Mr. Allen resemble the circumstances in *Doe* and *Sheratt*. Mr. Allen states that his refusal to admit to prior sexual misconduct is preventing him from participating in, and completing, the SOTP, thereby rendering him ineligible for parole. These allegations fail to invoke a constitutionally-protected liberty interest. As such, Mr. Allen cannot maintain a Fourteenth Amendment due process claim.

### B. Claim Two

For his second claim, Mr. Allen asserts that unidentified prison officials have denied him a higher paying prison job in retaliation for his refusal to admit guilt to a sex offense. He further suggests that the denial of a higher paying prison job for which he is qualified amounts to unconstitutional punishment under the Eighth Amendment.

Prison officials may not retaliate against an inmate for exercising a constitutional right. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998); *Fogle v. Pierson*, 435 F.3d 1252, 1263 (10th Cir. 2006). To state an arguable First Amendment retaliation claim, Mr. Allen must allege facts to show that he was engaged in constitutionally protected activity. *See Shero v. City of Grove,* 510 F.3d 1196, 1203 (10th Cir. 2007). Mr. Allen alleges that prison officials refused to promote him to a higher paying prison job because he exercised his Fifth Amendment right against self-incrimination by

refusing to admit to a sex offense. However, for the reasons discussed in conjunction with Mr. Allen's first claim for relief, the Court finds that Plaintiff was not engaged in constitutionally-protected conduct when he refused to admit to a sex offense for which he has already been convicted and cannot be retried. See *Gross*, 2013 WL 5366404, at *3. Mr. Allen thus fails to state an arguable claim of unconstitutional retaliation.

Furthermore, because there is no constitutional right to a particular prison job, see *Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996), the denial of a higher paying prison job does not implicate the Constitution.

**V. Claim Three**

Mr. Allen alleges in his third claim that Defendant Warden Designee of Sterling Correctional Facility violated his Eighth Amendment rights by placing him in a living unit with STG prisoners, who are known to attack and kill sex offender inmates, and that Plaintiff was thereafter assaulted on April 25, 2012, by an STG prisoner, causing him to suffer a broken rib and lost tooth. Mr. Allen further alleges that he has been told that he will be protected from STG prisoners if he participates in sex offender treatment.

In Civil Action No. 14-cv-01173-LTB, Mr. Allen asserted in the Amended Complaint that the Defendant Unknown Warden of Sterling Designee violated his Eighth Amendment rights because the Defendant placed him in a living unit where he was assaulted by one or more STG inmates on April 25, 2012. (No. 14-cv-01173-LTB, at ECF No. 7). The Court concluded that Plaintiff's allegations were too vague to state an arguable Eighth Amendment violation against the Defendant Warden Designee, *Ketchum v. Cruz,* 775 F.Supp. 1399, 1403 (D.Colo.1991), because Plaintiff did not describe the assault or allege that he suffered any injuries and further failed to state specific facts to show that the Defendant Warden Designee was aware of a "substantial

13

risk of serious harm" to Plaintiff at the time of his placement in the living unit, or that the Defendant acted with deliberate indifference to Plaintiff's safety. *See Farmer*, 511 U.S. at 847. On July 21, 2014, the Court dismissed Case No. 13-cv-01173-LTB with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

"District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Park v. TD Ameritrade Trust Co., Inc.,* No. 11-1157, 461 F. Appx. 753, 755 (10th Cir. 2012) (unpublished) (citing *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993) (internal quotation marks omitted). A district court, as part of its general power to administer its docket, "may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). If the duplicative case has been filed by a prisoner proceeding in forma pauperis, the district court has the option of dismissing it as frivolous pursuant to § 1915(e)(2)(B)(i). *See McWilliams v. State of Colo.*, 121 F.3d 573, 575 (10th Cir.1997) (affirming dismissal of duplicative suit as frivolous).

The Court finds that dismissal of claim three is appropriate because Mr. Allen raised the same Eighth Amendment failure to protect claim against the Defendant Warden Designee of Sterling Correctional Facility in Case No. 11-cv-01173-LTB, albeit with less supporting factual allegations.

Accordingly, it is

ORDERED that the Amended Complaint (ECF No.12) and this action are DISMISSED. The allegations in claim one, as asserted against the Parole Board and Defendant Board members Balzic, Morales and Shaffer, challenging the denial of parole

to Plaintiff, are dismissed without prejudice as barred by the rule of *Heck* and because Plaintiff seeks habeas corpus relief.  The remaining allegations in claim one (challenging the promulgation and implementation of a requirement that Plaintiff admit guilt to a sex offense as a condition to completion of the SOTP, which affects Plaintiff's parole eligibility), are dismissed with prejudice.  Claims Two and Three are also dismissed with prejudice.  It is

FURTHER ORDERED that the "Motion Pursuant to FRCP 65" (ECF No. 11), filed on July 11, 2014, is DENIED as moot.

DATED at Denver, Colorado, this  12th  day of   August   , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court