IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01176-LTB

EDWARD ALLEN, aka EDWARD CLUTTS,

      Plaintiff,

v.

GOVERNOR HICKENLOOPER,
RICK RA[E]MIS[C]H,
THE ENTIRE PAROLE BOARD,
THE ENTIRE COLORADO SEX OFFENDER MANAGEMENT BOARD,
MAGGIE LEIVNON,
DENISE BALZIC,
JOE MORALES,
BRANDON SHAFFER,
JOANIE SHOEMAKER,
JOHN W. SUTHERS,
PATRIC SAYAS,
WARDEN OF STERLING CORRECTIONAL FACILITY, and
WARDEN DESIGNEE OF STERLING CORRECTIONAL FACILITY,

      Defendants.

---

## ORDER GRANTING, IN PART, MOTION FOR RECONSIDERATION
## AND DRAWING CASE

---

      Plaintiff, Edward Allen, aka Edward Clutts, filed *pro se* a "Petition for Rehearing"

(ECF No. 15) on August 28, 2014.  The Court construes the motion liberally as a motion

for reconsideration of the Court's August 12, 2014 dismissal order.  *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972) (*pro se* filings must be construed liberally); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

      A litigant subject to an adverse judgment who seeks reconsideration by the

district court of that adverse judgment may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Applicant filed the motion for reconsideration less than twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the motion for reconsideration is filed pursuant to Rule 59(e).  *Id.*; *see also* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

## I.  Procedural History

Mr. Allen asserted the following claims in the Amended Complaint (ECF No. 12): (1) that he has twice been denied parole by the Colorado Parole Board, in violation of his Fifth, Eighth, and Fourteenth Amendment rights, because Defendant Colorado Sex Offender Management Board (SOMB) has deemed him non-compliant with the CDOC's sex offender treatment program (SOTP), due to his refusal to admit guilt to a sex offense; (2) unidentified prison officials retaliated against him in violation of the Constitution by denying him a higher paying prison job because of his refusal to admit guilt to a sex offense; and, (3) the Defendant Warden Designee of Sterling Correctional Facility acted with deliberate indifference to his safety by intentionally placing him in a living unit with Security Threat Group (STG) inmates who assaulted him because he is a

2

sex offender.  Mr. Allen asked the Court to order the Defendant Parole Board to release him on parole and to declare that Defendant SOMB has no authority to demand his admission to a sex offense as a condition of sex offender treatment.  He also requested monetary relief from all of the Defendants.

The Court dismissed Plaintiff's first claim, as asserted against the Colorado Parole Board and its members, as barred by the rule of *Heck v. Humphrey,* 512 U.S. 477, 481 (1994).  The Court also concluded that to the extent Mr. Allen was seeking earlier release from prison, he must assert his claim in an application for a writ of habeas corpus.  The Court further found that the SOMB, an entity of the State of Colorado, was entitled to Eleventh Amendment immunity against Plaintiff's § 1983 claim.  In addition, the Court determined that Mr. Allen failed to allege the personal participation of most of the Defendants in an arguable deprivation of his constitutional rights. And, finally, the Court concluded that Mr. Allen was precluded from asserting an Eighth Amendment claim against the Defendant Warden Designee of Sterling Correctional Facility because the claim was duplicative of the Eighth Amendment claim he had asserted in Case No. 14-cv-01173-LTB.

## II.  Motion for Reconsideration

In his motion for reconsideration, Mr. Allen raises several grounds for relief. First, Plaintiff argues that he is not seeking federal habeas relief in this action – i.e., earlier release from prison, nor is he challenging the denial of parole.  Instead, he maintains that he seeks prospective injunctive relief against the Colorado Parole Board members, in their official capacities.   He asks the Court to enjoin the Parole Board members from conditioning his eligibility for parole on his completion of the SOTP,

which requires him to admit to commission of a sex offense.  He further contends that he is suing the SOMB members, in their official capacities, for prospective injunctive relief in the form of an order precluding them from imposing a requirement that he admit guilt to a sex offense as a requirement of his participation in the SOTP.  Plaintiff argues that admission of guilt would violate his Fifth Amendment privilege against self-incrimination where his state criminal conviction is not yet final, as his petition for certiorari review is pending before the Colorado Supreme Court.  Mr. Allen maintains that if his criminal conviction is over-turned by the Colorado Supreme Court and he is re-tried, the State could use a confession to the CDOC against him in the new state criminal trial.  Finally, he argues that he did not assert the factual basis of his Eighth Amendment claim in Case No. 14-cv-01173-LTB, because in the earlier case, he was simply seeking to recover damages for lost wages.

### A.  Claim against the Parole Board Members

Mr. Allen asserts that in his Amended Complaint, he sought to enjoin the individual members of the Colorado Parole Board, sued in their official capacities, from imposing the SOMB's requirements for participation in, and completion of, the SOTP as a condition of parole eligibility in the future.[1]  The Court observes that the Amended Complaint does not expressly include such a request for relief.  (*See* ECF No. 12, at 11).  However, even if the Amended Complaint could be construed liberally as asserting a claim against the individual Parole Board members – Defendants Balzic,

---

[1] As discussed in the order of dismissal, claims for injunctive relief that challenge the denial of parole are barred by the rule of *Heck.  See Heck,* 512 U.S. at 486-87; *see also Waeckerle v. Oklahoma,* No. 01-5199, 37 F. App'x 395, 397 (10th Cir. April 12, 2002) (unpublished) (citing *Schafer v. Moore,* 46 F.3d 43, 44-45 (8th Cir.1995) (holding that *Heck* requirement applies to § 1983 actions challenging denial of parole)).

Morales and Shaffer–in their official capacities, for prospective relief under the doctrine of *Ex part Young,*[2] Plaintiff cannot proceed under § 1983 unless he shows the deprivation of a Constitutional right. *See West v. Atkins,* 487 U.S. 42, 48 (1988).   Mr. Allen contends in his motion for reconsideration that the Parole Board's adoption of the SOMB's policy that inmates admit to a sex offense before they can participate and complete the SOTP violates his Fifth Amendment privilege against self-incrimination and his Fourteenth Amendment due process rights.

Plaintiff cannot maintain a § 1983 claim based on an alleged Fifth Amendment violation.  Assuming, *arguendo*, that the challenged policy may infringe on his Fifth Amendment rights because his state criminal conviction is not yet final, Plaintiff must also allege facts to show that the policy is not rationally related to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *Gee v. Pacheco*, 627 F.3d 1178, 1187-88 (10th Cir. 2010).  However, in *Doe v. Heil*, 533 F. App'x 831, 839-40 (10th Cir. Aug, 26, 2013), the Tenth Circuit recognized that the CDOC has a legitimate penological interest in the rehabilitation of sex offenders before their release on parole "that is furthered by requiring [sex offenders], without regard to their Fifth Amendment stake in avoiding self-incrimination, to submit to a polygraph and admit their full sexual history."  *See also Searcy v. Simmons,* 299 F.3d 1220, 1228 (10th Cir. 2002) ("The state's interest in rehabilitating sex offenders is a valid one, and the requirement for admission of responsibility is considered a legitimate part of the

---

[2]*Ex parte Young* recognized an exception to Eleventh Amendment immunity for suits brought "against a state officer in his official capacity seeking only prospective relief."  *Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010).

rehabilitative process."); *McKune v. Lile*, 536 U.S. 24, 33 (2002) ("When convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault. States thus have a vital interest in rehabilitating convicted sex offenders. Therapists and correctional officers widely agree that clinical rehabilitative programs can enable sex offenders to manage their impulses and in this way reduce recidivism. An important component of those rehabilitation programs requires participants to confront their past and accept responsibility for their misconduct.")(citations omitted)).

In the Amended Complaint, Mr. Allen fails to allege any facts to show that the SOMB's requirement that he admit guilt to the commission of a sex offense as a condition to his participation in, and completion of the SOTP, which the Parole Board has deemed a condition to parole eligibility, is not rationally related to the State's legitimate interest in rehabilitation of sex offenders.

Further, Mr. Allen cannot maintain a Fourteenth Amendment due process claim for prospective injunctive relief against the individual Parole Board members, in their official capacities, because he does not have a constitutionally-protected liberty interest in participation in a SOTP where he refuses to admit his past sexual conduct. *See Doe*, 533 F. App'x at 842-43. *See also Sheratt v. Utah Dep't of Corrections*, 545 F. App'x 744, 748-49 (10th Cir. Oct. 23, 2013) (unpublished) (citing *Doe*, and concluding that the plaintiff's inability to complete the Utah Department of Corrections SOTP, based on his failure to admit guilt, which was a requirement for participation in the program, did not implicate the Constitution).

Accordingly, the Court finds that Mr. Allen has failed to demonstrate a basis for

this Court to reconsider the order dismissing his claims against the individual Colorado Parole Board defendants, sued in their official capacities.

**B.  Claim Against SOMB**

Mr. Allen also contends that his claims against the SOMB are not barred by the Eleventh Amendment because the SOMB Board members are being sued in their official capacities for prospective injunctive relief.  However, the Amended Complaint does not list the individual SOMB members as Defendants.  *See* www.dcj.somb.state.co.us  (identifying individual SOMB members as of June 2014). Plaintiff's identification of "The Entire Colorado Sex Offender Management Board" as a Defendant in the caption of the Amended Complaint does not suffice.  Although the Court construes *pro se* pleadings liberally, it is not the Court's function to assume the role of advocate for the *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Further, even if the Court construed the Amended Complaint to assert claims against the individual SOMB members in their official capacities for prospective injunctive relief, Plaintiff fails to state an arguable constitutional claim arising from the SOMB's requirement that he admit his prior sexual history as a prerequisite to participation in the SOTP, as discussed in Section II.A., *supra*.  Accordingly, the Court declines to reconsider dismissal of the claims against the SOMB.

**C.  Eighth Amendment Claim for Failure to Protect**

Finally, Mr. Allen argues that the Court should reinstate his Eighth Amendment failure-to-protect claim against the Defendant Warden Designee of Sterling Correctional Facility and Defendant Patrick Sayas, a Colorado Assistant Attorney General, because

the claim is not duplicative of the Eighth Amendment claim that he asserted in Civil

Action No. 14-cv-01173-LTB.  Specifically, Plaintiff states that he asserted a claim "for

lost wages only" in the earlier action and that "one of the assaults got mixed up in that

claim."  (ECF No. 15, at 4).  He further maintains that he "did not ask for any relief

based on any asslt [sic]."  (*Id.*).

Upon further review of Mr. Allen's amended complaint in No. 14-cv-01173-LTB,

the Court finds that Plaintiff has fairly characterized his allegations in the earlier action.

Accordingly, the Court concludes, upon reconsideration, that the Eighth Amendment

claim asserted in claim three of the Amended Complaint against the Warden Designee

of Sterling Correctional Facility is not duplicative of his claim asserted against the  same

Defendant in No. 14-cv-01173-LTB (claim three).

The Court further finds that Plaintiff's allegations against the Defendant Warden

designee are not legally frivolous.  The Eighth Amendment is violated when prison

officials act with deliberate indifference to a substantial risk of serious harm to an

inmate. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994).   Mr. Allen alleges in the

Amended Complaint that the Defendant Warden Designee intentionally placed him in a

living unit with STG prisoners and that Plaintiff was assaulted by an STG inmate on

August 12, 2011, and by a different STG inmate on April 25, 2012 by an STG prisoner,

causing him to suffer a broken rib and lost tooth. Mr. Allen further alleges that he has

been told that he will be protected from STG prisoners if he participates in sex offender

treatment and that it is "common knowledge that sex offenders are attacked, beaten,

extorted and killed by (STG) prisoners."  (ECF No. 12, at 9).

By contrast, Mr. Allen has failed to allege facts to show that Defendant Sayas

was personally involved in the alleged Eighth Amendment violation.  Defendant Sayas is

a Colorado Assistant Attorney General and is not responsible for Mr. Allen's living

conditions and housing assignments at the Sterling Correctional Facility.

The Court will reinstate this action as to the Eighth Amendment failure-to-protect

claim against the Defendant Warden Designee of Sterling Correctional Facility.[3]

Accordingly, it is

ORDERED that the "Petition for Rehearing" (ECF No. 15), filed *pro se* by

Plaintiff, Edward Allen, aka Edward Clutts, on August 28, 2014, which the Court has

construed liberally as a motion for reconsideration pursuant to Fed.R.Civ.P. 60(b), is

GRANTED, in part, and is otherwise DENIED.  It is

FURTHER ORDERED that the Order of Dismissal (ECF No. 13) entered in this

action on August 12, 2014, is VACATED as to Plaintiff's Eighth Amendment claim

against Defendant Warden Designee of Sterling Correctional Facility (claim three of the

Amended Complaint (ECF No. 12, at 9)).  The Order of Dismissal otherwise remains in

effect.  It is

FURTHER ORDERED that the Judgment entered on August 12, 2014 is

VACATED.  It is

---

[3]The Court notes that Mr. Allen has appealed the Order of Dismissal and Judgment entered in Case No. 14-cv-01173-LTB.  If, on appeal, the Tenth Circuit construes Plaintiff's Eighth Amendment claim as a failure-to-protect claim against Defendant "Unknown Warden of Sterling Designee" and affirms this Court's dismissal order, Mr. Allen may be precluded under principles of collateral estoppel or res judicata from prosecuting his Eighth Amendment failure-to-protect claim against the Defendant Warden Designee of Sterling Correctional Facility in this action.

9

FURTHER ORDERED that this action is REINSTATED as to Plaintiff's Eighth Amendment claim against Defendant Warden Designee of Sterling Correctional Facility (claim three of the Amended Complaint (ECF No. 12, at 9)).  It is

FURTHER ORDERED that the Eighth Amendment claim asserted against Defendant Warden Designee of Sterling Correctional Facility shall be drawn to a presiding judge, and if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED at Denver, Colorado, this __5th__ day of ___September_____, 2014.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court