IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-01176-RBJ-MJW

EDWARD ALLEN aka Edward Clutts,

    Plaintiff,

v.

WARDEN FALK OF STERLING CORRECTIONAL FACILITY

    Defendant.

---

### ORDER

---

This matter is before the Court on the December 18, 2014 Recommendation [ECF No. 45] of Magistrate Judge Michael J. Watanabe that the Court grant Defendant's Motion to Dismiss Plaintiff's Amended Complaint or Alternatively, Motion for Summary Judgment [ECF No. 25]; deny Plaintiff's Second Motion Persent [*sic*] FRCP 65 [ECF No. 27]; and deny Plaintiff's Motion for Joinder of Parties [ECF No. 42].[1] The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

### BACKGROUND

A detailed summary of the procedural and factual background of this case was provided in the Recommendation. As a brief overview, Plaintiff Edward Allen (aka Edward Clutts) is an

---

[1] The Court converts Judge Watanabe's recommendation on the motion for joinder of parties into an order, as it is a non-dispositive pretrial motion. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). The Court has reviewed the order for clear error and, finding none, affirms it. *See* 28 U.S.C. § 636(b)(1)(A).

inmate at the Colorado Territorial Correctional Facility ("CTCF") in Cañon City, Colorado. Mr. Allen filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming violations of a number of his constitutional rights against a number of defendants. Presently only one defendant and one claim remain, namely an Eighth Amendment claim against Warden Falk of Sterling Correctional Facility ("SCF"), a facility where Mr. Allen was previously (but no longer is) held. The defendant moved to dismiss this claim, or alternatively for judgment as a matter of law. Upon a thorough review, Judge Watanabe recommended that the claim be dismissed or, alternatively, that judgment be entered in favor of the defendant as a matter of law. Meanwhile, Mr. Allen moved for injunctive relief, seeking an order barring his transfer to another facility for the duration of this case. Judge Watanabe recommended denying the motion. Judge Watanabe also denied Mr. Allen's motion for joinder of parties, which he liberally construed as a motion for leave to amend the pleadings.

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. Mr. Allen filed a timely objection on December 28, 2014. [ECF No. 46].

Following the issuance of a magistrate judge's recommendation on a dispositive matter, the district court judge must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions." *Id.* "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140,

150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")).

The Court has reviewed the relevant filings surrounding the Recommendation, in particular the Complaint, the pending motions, the briefs on the motions, and the objection. The Court has conducted a de novo review of the Recommendation in response to the plaintiff's timely-filed objection. Based on this review, the Court concludes that Judge Watanabe's analyses and recommendations are correct. The Court therefore ADOPTS the Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.

Though it need not, the Court pauses to address some of Mr. Allen's concerns raised in his objection. First and foremost, this Court is limited in its powers. The fact that all of Mr. Allen's previous lawsuits have been dismissed on procedural grounds is not a choice that the Court makes; the Court is not free to hear the merits of a case if the procedural requirements have not been met. However, Judge Watanabe did address the merits of Mr. Allen's claim, and found that it should be dismissed even if it did not suffer from procedural defects. *See* [ECF No. 45 at 15–18]. Second, Warden Falk cannot be sued for injunctive relief in this case, as Mr. Allen maintains. Because Mr. Allen is no longer housed at SCF, Warden Falk has no control over Mr. Allen's living conditions. Therefore, no relief can come from an injunction. Third, though he insists otherwise, Mr. Allen has not exhausted his administrative remedies. Under prison regulations, Mr. Allen was required to file a grievance within 30 days of his alleged attack. He failed to do so, and he did not request to file a grievance for approximately two years after the incident occurred. The Prison Litigation Reform Act ("PLRA") therefore bars this suit. Fourth,

Mr. Allen's "pattern of misconduct" theory is misplaced. As indicated by the authority Mr. Allen cites, this theory is used to make out a claim of municipal liability. *See* [ECF No. 32 at 1–2, 5]. Mr. Allen, however, has not sued a municipality. Finally, Judge Babcock – the original Judge assigned to this case – never found that Mr. Allen's claim had a likelihood of success on the merits; he merely found that the claim was "not legally frivolous" and therefore not subject to *sua sponte* dismissal. *See* [ECF No. 16 at 8]. The two are far from the same.

## ORDER

Accordingly, it is ORDERED that the Recommendation of the United States Magistrate Judge [ECF No. 45] is AFFIRMED, and it is ADOPTED. It is further ORDERED that Defendant's Motion to Dismiss Plaintiff's Amended Complaint or Alternatively, Motion for Summary Judgment [ECF No. 25] is GRANTED; Plaintiff's Second Motion Persent [*sic*] FRCP 65 [ECF No. 27] is DENIED; and Plaintiff's Motion for Joinder of Parties [ECF No. 42] is DENIED.

DATED this 12th day of January, 2015.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge